IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SAMMY WELSEY CUPPLES                                                              PLAINTIFF

v.                                    Case No. 1:15-cv-1011

LT. KEVIN PENDLETON; DEPUTY
SHERIFF JOHSUA TEMPLE[1]; DEPUTY
MYERS; SHERIFF MIKE McGOUGH;
NURSE SHERRIE RICE                                                                DEFENDANTS

## ORDER

    Before the Court is the Report and Recommendation filed February 6, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 60. Judge Bryant recommends that Defendants' Partial Motion for Summary Judgment (ECF No. 32) be granted in part and denied in part. Specifically, Judge Bryant recommends that Plaintiff's claims against Defendants McGough, Temple, and Myers be dismissed with prejudice. Judge Bryant further recommends that Plaintiff's official-capacity claims for denial of medical care against Union County[2] and his individual-capacity claims for denial of medical care against Defendant Rice and Pendleton remain for further consideration. Plaintiff has responded with objections. ECF No. 61. The Court finds the matter ripe for consideration.

### I. FACTS

    Plaintiff is currently an inmate of the Arkansas Department of Correction Varner Unit. Plaintiff's amended complaint, however, centers on events occurring during his incarceration in the Union County Detention Center. He filed this civil rights action pursuant to 42 U.S.C. §

---

[1] The Court notes that documents submitted by Defendant indicate Temple's correct surname is Templeton. However, to be consistent with the Report and Recommendation and the docket sheet, the Court will refer to Defendant as Joshua Temple.

[2] Because Plaintiff has sued all Defendants in their personal and individual capacities, Union County is a Defendant in this case. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). ("Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights.")

1983, alleging several constitutional violations by Defendants.  Plaintiff objects to the Report and Recommendation only as it relates to his Eighth Amendment failure-to-protect claim against Defendant Joshua Temple in his individual capacity.[3]

On December 13, 2014, Plaintiff alleges he informed Defendant Temple that he "feared physical harm" from several inmates in his pod. ECF No. 59, pp. 4-5.  According to Plaintiff, he slid two handwritten grievances to Temple through the hole in his cell door which stated that he would be "jumped on if he wasn't moved to another pod."  *Id.*  Plaintiff alleges that Defendant Temple failed to investigate the situation and refused to act on the requests for protection.  ECF No. 10, p. 4; ECF No. 59, p. 5.  On December 14, 2014, Plaintiff claims he was "jumped" by three inmates and did not receive help until Defendant Temple entered his cell three hours later. ECF No. 59, p. 6.  Plaintiff was then taken to the hospital and diagnosed with a clavicle fracture.

Plaintiff alleges that Defendant Temple ignored his two requests for protection on December 13, 2014, which resulted in Plaintiff's injury the next day.  Thus, Plaintiff claims that Defendant Temple violated his Eight Amendment rights by failing to protect him from harm.  Defendant Temple argues that he is entitled to summary judgment on this claim.  In the Report and Recommendation, Judge Bryant concluded that "[t]here are no disputed issues of material facts concerning Plaintiff's failure to protect claim against Defendant Temple, and Defendant Temple is entitled to summary judgment as a matter of law on this claim." ECF No. 60, p. 20.

## II. LEGAL STANDARD

The Court shall grant summary judgment when evidence in the record, viewed in a light most favorable to the nonmoving party, shows that there is no real dispute as to any material fact. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986); *Celotex*

---

[3] Plaintiff does not object to the Report and Recommendation as it relates to his claims against Union County, Defendant McGough, Defendant Myers, and Defendant Rice. ECF No. 61, p. 2.

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). A fact is material if its resolution is important to the outcome of the case. *Id*. Once the motion for summary judgment is made and supported, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." *Forrest v. Kraft Foods, Inc.,* 285 F.3d 688, 691 (8th Cir.2002).

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "take reasonable measures to guarantee" inmate safety by protecting them from attacks by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). However, prison officials do not commit a constitutional violation every time one prisoner attacks another. *Young v. Selk,* 508 F.3d 868, 871 (8th Cir. 2007); *Blades v. Schuetzle,* 302 F.3d 801, 803–04 (8th Cir. 2002). Instead, to establish a failure to protect claim, a prisoner must demonstrate that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendant knew of and disregarded that substantial risk of serious harm. *Lenz v. Wade,* 490 F.3d 991, 995–996 (8th Cir. 2007); *Crow v. Montgomery,* 403 F.3d 598, 601 (8th Cir. 2005).

### III. DISCUSSION

There is no argument as to whether Plaintiff has shown that there was a substantial risk of serious harm. Defendant Temple argues that the attack on Plaintiff was a random assault and that Defendant Temple did not know of the risk to Plaintiff of assault by other inmates. Defendant Temple asserts that "Plaintiff's failure to protect claim should be dismissed as he does not allege facts from which any trier of fact could reasonably conclude that there was as substantial risk of harm to the Plaintiff prior to the December 14, 2014 incident and that [Defendant Temple was] subjectively aware of the risk." ECF No. 32, p. 10.

To support this argument, Defendant Temple submits the affidavit of Captain Richard Mitcham, Chief Administrative Officer of the Union County Detention Center. Captain Mitcham states that "the jail records for December 13, 2014, the day before [Plaintiff] claims he was jumped on by several inmates in C-Pod, do not show that [Plaintiff] filed an Inmate Grievance or requested to be removed from C-Pod." ECF No. 32-5, ¶ 6. Captain Mitcham further states that the records for that day do not show that Plaintiff made an attempt to speak with jail staff or make jail staff aware that he was concerned for his physical safety. ECF No. 32-5, ¶ 7. According to Captain Mitcham, an inmate can communicate a concern for his physical safety by either filing a grievance or "tell[ing] a detention officer personally."

On the other hand, Plaintiff's sworn statement indicates that he informed Defendant Temple that he feared physical harm on December 13, 2014, by handing him two handwritten grievances through the hole in his cell door. ECF No. 59, p. 38. Judge Bryant discredited this statement by Plaintiff and found that there were no disputed material facts concerning Plaintiff's failure to protect claim because: (1) the jail records do not indicate an attempt by Plaintiff to communicate a concern for his physical safety to Defendant Temple; and (2) that documents submitted by Plaintiff and Defendant Temple show that Plaintiff was familiar with the grievance process and did not use it to communicate his concern for his physical safety. The Court, however, declines to discredit Plaintiff's sworn statement based on the fact that there is no jail record indicating Plaintiff filed a grievance.

The evidence submitted by Defendant Temple does not show that he never received the grievances allegedly handed to him by Plaintiff through the hole in the cell door or that he was unaware that Plaintiff was concerned for his physical safety. The evidence simply indicates that the jail has no record of any such grievance communicated to Temple. Moreover, Plaintiff indicates in his sworn statement that he also spoke to Defendant Temple at the "noon chow call"

about Plaintiff's concern for his physical safety. ECF No. 59, p. 38. Accordingly, the Court finds that issues of fact remain that are important to the outcome of this case regarding whether Defendant Temple knew of and disregarded a substantial risk of serious harm. Therefore, summary judgment in favor of Defendant Temple regarding the failure-to-protect claim is not appropriate.

## IV. CONCLUSION

For the reasons stated above, based on its own *de novo* review, the Court **ADOPTS IN PART and DECLINES TO ADOPT IN PART** the Report and Recommendation. The Court adopts the Report and Recommendation as to all claims against Defendants McGough and Myers and grants summary judgment in favor of Defendants on these claims. Accordingly, all claims against Defendants McGough and Myers are **DISMISSED WITH PREJUDICE**.

The Court adopts the Report and Recommendation as to Plaintiff's official-capacity claims for denial of medical care against Union County and his individual-capacity claims for denial of medical care against Defendants Rice and Pendleton. Accordingly, these claims remain for further consideration.[4]

The Court declines to adopt the Report and Recommendation as to Plaintiff's failure-to-protect claim against Defendant Temple. Accordingly, this claim remains for further consideration.

**IT IS SO ORDERED**, this 27th day of March, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] The Court notes that the claim of excessive force against Defendant Pendleton also remains for further consideration as he did not move for summary judgment on this claim.